IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514               :
        Plaintiff
                                  :
   v.
                                        Civil Action No. CCB-14-3150
                                :
U.S. DISTRICT COURT OF MARYLAND,
  et al.,[1]                          :
        Defendants             :

## **MEMORANDUM**

This 42 U.S.C. § 1983 civil rights action was filed by plaintiff Warren Chase ("Chase"), a Maryland Division of Correction prisoner incarcerated at North Branch Correctional Institution ("NBCI"). While portions of the complaint were dismissed,[2] the case is proceeding against Officers Mallow, Marchinke and Rounds based on allegations concerning an alleged assault, placement in a cell lacking basic necessities, and failure to provide medical care for injuries sustained as a result thereof. Defendants, through counsel, have filed a motion to dismiss or, in the alternative motion for summary judgment (ECF No. 15). Chase also seeks summary judgment.[3] ECF No. 12. A hearing is not needed to resolve the motions. *See* Local Rule 105.6. (D. Md. 2014). For the reasons that follow, Chase's motion for summary judgment IS DENIED and defendants' motion, construed as a motion for summary judgment, IS GRANTED with

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of the remaining three defendants' names, to wit: Warren Mallow, Timothy Marchinke, and Dean Rounds, Jr.

[2] Other allegations raised in the complaint were dismissed without prejudice under 28 U.S.C. § 1915(g). *See* ECF No. 2, pp. 1-2, Order of October 14, 2014.

[3] Chase's dispositive motion is not a model of clarity. At best, it can be construed as Chase's oft-repeated claim that he should be transferred to another prison or provided protective custody and a single cell based on his belief that he is in "constant imminent threats (sic) of danger around other enemy prisoners at NBCI." ECF No. 12, p. 5. This allegation is not currently before the court in this case and will not be addressed here.

regard to the claim of denial of medical treatment but otherwise DENIED WITHOUT PREJUDICE.

## Standard of Review

Defendants' motion relies on materials outside the pleadings, and is construed as a motion for summary judgment. Summary judgment is governed by Federal Rules Civil Procedure 56(a), which provides in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: by its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis omitted). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*,

346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## Background

The parties do not dispute that on September 8, 2014,[4] Chase was escorted from one cell to another[5] by Officer Marchinke and Officer Mallow, with Officer Rounds following while pushing a cart with Chase's property. ECF No. 15-2,[6] Department of Public Safety and Correctional Services ("DPSCS") Internal Investigative Unit Report – 12-35-00871 I/C, p. 12. While Chase believes the move was punishment (ECF No. 1, p. 2), defendants assert that the move was made to accommodate a new prisoner transferred to NBCI. ECF No. 15-2, p. 12.[7] Defendants state that during the transfer, Chase stopped walking and refused to continue on by dragging his feet. ECF No. 15-2, p. 12. In response, Marchinke and Mallow picked him up by his arms and carried him the rest of the way. *Id.* No Use of Force Report or Serious Incident Report was prepared following this encounter. *Id.*, p. 15. Chase claims that he was verbally[8] and physically assaulted by defendants during the cell transfer, resulting in significant injury to his left hip, spine and right knee. ECF No. 1, pp. 1-2. NBCI Physician Assistant Janette Clark

---

[4] The Internal Investigative Unit ("IIU") report references both September 8 and September 18, 2014 as the date on which the incident occurred. ECF No. 15-2, pp. 2, 3, 13. Counsel shall clarify the actual date of the incident.

[5] Defendants do not respond to Chase's claims concerning the condition of the cell to which he was moved, which he alleges lacked a mattress, sheets, and blanket and was extremely cold. ECF No. 1, p. 5. A response is needed for resolution of this case.

[6] Citations to the record refer to the electronic pagination, which does not always correspond to the page numbers on the documents.

[7] The pagination cited herein reflects the pagination assigned by the court's electronic docketing system.

[8] Verbal abuse, without more, does not state a cognizable constitutional claim. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); see also *Pink v. Lester*, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").

evaluated Chase two months after the alleged incident and found no evidence that serious injury had occurred. ECF No. 15-2, pp. 12-13, 15 and 50.

At the time of the physical examination, Chase could not "define a specific back injury." *Id.,* p. 52. Chase provides no indication that he actually sought medical treatment for injury after the alleged assault. Chase has therefore failed to establish a denial of medical care following the September 8, 2014 incident.

## Analysis

Defendants have raised an affirmative defense to Chase's claim of assault, alleging that the allegation must be dismissed due to Chase's failure to exhaust administrative remedies. Under declaration, Executive Director of the Inmate Grievance Office (IGO) Scott S. Oakley, states that Inmate Chase has not filed a grievance with the IGO since January 25, 2013. ECF No. 15-3, Declaration of Scott S. Oakley, Inmate Grievance Office (IGO) Executive Director, ¶ 3.

The Prison Litigation Reform Act ("PLRA") contains a statutory provision that reads, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e. Chase is subject to the strict requirements of the exhaustion provisions, and it is of no consequence that he is aggrieved by a single incident or is raising a general conditions-of-confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure, *see Booth v.*

*Churner*, 532 U.S. 731, 741 (2001), and a claim that has not been exhausted may not be considered in federal court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and a court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies: "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *See id.,* 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Thus, unexhausted claims must be dismissed, unless Chase can show that he, personally, has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited the right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Defendants allege that Chase did not file administrative grievances addressing the allegations presented here. Defendants provide an exhibit demonstrating that the incident that gave rise to this action was investigated by the Department of Public Safety and Correctional

Servides' Internal Investigations Unit ("IIU"). The court is aware that once IIU initiates investigation, the matter no longer is subject to the ARP process. *See Bogues v. McAlpine, et al.*, Civil Action No. CCB-11-463 (D. Md.), ECF No. 23, Exhibit 4 at 23; *Oliver v. Harbough, et al.*, Civil Action No. ELH-11-996 (D. Md.), Memorandum of December 19, 2011, ECF No. 31 at 7-8. It is clear from the evidence submitted by defendants that administrative remedies were unavailable to Chase for purposes of this claim. Thus, defendants' invocation of the affirmative defense of failure to exhaust administrative remedies with regard to alleged assault fails.[9]

The IIU report references video evidence. ECF No. 15-2, p. 8. Defendants have not included the video as an exhibit, and it is likely that Chase has not viewed it. Furthermore, although their statements during the IIU investigation are verified, defendants have not provided affidavits or declarations specific to this litigation. Defendants' motion for summary judgment is therefore denied without prejudice, subject to renewal upon submission of these exhibits and their response to the condition of Chase's new cell.

A separate Order shall be entered in accordance with this memorandum.

April 21, 2015                                     _____/S/_____
Date                                                      Catherine C. Blake
                                                          United States District Judge

---

[9] It is unclear whether Chase exhausted his claim concerning the conditions of his cell.