IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514

        Plaintiff

  v.

                              Civil Action No. CCB-14-3150

U.S. DISTRICT COURT OF MARYLAND,
  et al.,

        Defendants

## **MEMORANDUM**

### Procedural History

This 42 U.S.C. § 1983 civil rights action was filed by plaintiff Warren Chase ("Chase"), a Maryland Division of Correction prisoner incarcerated at North Branch Correctional Institution ("NBCI"). Portions of the complaint were dismissed[1] and the case proceeded against Officers Mallow, Marchinke and Rounds based on allegations concerning an alleged verbal and physical assault, placement in a cell lacking basic necessities, and failure to provide medical care for injuries sustained as a result thereof. Defendants, through counsel, filed a motion to dismiss or, in the alternative motion for summary judgment (ECF No. 15) which was construed as a motion for summary judgment. The motion was granted with regard to the claim of denial of medical treatment[2] and verbal assault, but otherwise denied without prejudice pending supplementation.

---

[1] Other allegations raised in the complaint were dismissed without prejudice under 28 U.S.C. § 1915(g). *See* ECF No. 2, pp. 1-2, Order of October 14, 2014.

[2] In dismissing this claim, the court found that at the time of physical examination by NBCI Physician Assistant Janette Clark, no evidence supported Chase's claim that serious injury had occurred. ECF No. 15-2, pp. 12-13, 15 and 50. Indeed, Chase could not "define a specific back injury." *Id.,* p. 52. Chase provided no indication that he actually sought medical treatment for injury after the alleged assault; because he failed to establish a denial of medical care following the September 8, 2014 incident, his claim of denial of medical injury was dismissed. Mem., ECF No. 20 at 3-4.

(Mem. and Order, ECF Nos. 20 and 21). Defendants have provided a supplemental pleading (ECF No. 22) to which Chase has responded. (ECF Nos. 24 and 25). For reasons noted herein, Chase's claim concerning the conditions of his new cell will be dismissed and defendants will be granted one final opportunity to submit video evidence referenced in the Internal Investigation Unit report they rely upon in support of their defense.

## Background

The parties do not dispute that on September 8, 2014, Chase was escorted from one cell to another[3] by Officer Marchinke and Officer Mallow, with Officer Rounds following while pushing a cart with Chase's property. ECF No. 15-2, Department of Public Safety and Correctional Services ("DPSCS") Internal Investigative Unit Report – 12-35-00871 I/C, p. 12. While Chase believes the move was punishment (ECF No. 1, p. 2), defendants assert that the move was made to accommodate a new prisoner transferred to NBCI. ECF No. 15-2, p. 12.[4]

Defendants state that during the transfer, Chase stopped walking and refused to continue on by dragging his feet. ECF No. 15-2, p. 12. In response, Marchinke and Mallow picked him up by his arms and carried him the rest of the way. *Id.* No Use of Force Report or Serious Incident Report was prepared following this encounter. *Id.,* p. 15. Chase claims that he was

---

[3] Defendants do not respond to Chase's claims concerning the condition of the cell to which he was moved, which he alleges lacked a mattress, sheets, and blanket and was extremely cold. ECF No. 1, p. 5. A Declaration by Scott S. Oakley, Executive Director of the Inmate Grievance Office ("IGO"), indicates that as of December 12, 2014, Chase did not file any IGO grievances since January 25, 2013. Chase's alleged exposure to poor conditions in the cell would have occurred on or about September 8, 2014. . ECF No. 15-3, ¶ 3. From this Declaration, which is unopposed by Chase, the court determines that Chase failed to exhaust administrative remedy procedures by filing an IGO grievance concerning the cell conditions. Thus, this allegation is dismissed.

[4] The pagination cited herein reflects the pagination assigned by the court's electronic docketing system.

verbally[5] and physically assaulted by defendants during the cell transfer, resulting in significant injury. ECF No. 1, pp. 1-2.

## Analysis

The IIU report references video evidence. ECF No. 15-2, p. 8. Defendants have not included the video as an exhibit, and it is likely that Chase has not viewed it. Defendants' statements during the IIU investigation are verified, and defendants have provided affidavits or declarations specific to this litigation. ECF Nos. 22-1, 22-2, 22-3. In response, Chase has submitted an affidavit countering defendants' version of events.[6] ECF No. 24, pp 1-2.

The video evidence supports the IIU determination that defendants' actions were justified. The video may also resolve which version of events is true – the version presented in defendants' affidavits and exhibits, or the averment set forth in Chase's complaint and affidavit. Defendants shall provide Chase an opportunity to view the video before providing it to this court, or explain why the video cannot be produced. Defendants' supplement to their motion for summary judgment is therefore held in abeyance pending submission of the video or the required explanation.

A separate Order shall be entered in accordance with this memorandum.

December 10, 2015  _____/S/_____
       Date              Catherine C. Blake
                         United States District Judge

---

[5] Verbal abuse, without more, does not state a cognizable constitutional claim. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); see also *Pink v. Lester*, 52 F.3d 73, 75 (1995) (A[N]ot all undesirable behavior by state actors is unconstitutional.@).

[6] Chase's discussion of other incidents unrelated to the September 8, 2014 incident, contained in ECF No. 25, will not be addressed in the context of this lawsuit.