IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514, :

Plaintiff :

v. : Civil Action No. CCB-14-3150

U.S. DISTRICT COURT OF MARYLAND, et al., :

Defendants :

**MEMORANDUM**

**Procedural History**

This 42 U.S.C. § 1983 civil rights action was filed by plaintiff Warren Chase ("Chase"), a Maryland Division of Correction prisoner incarcerated at North Branch Correctional Institution ("NBCI"). Portions of the complaint were dismissed[1] and the case proceeded against Officers Mallow, Marchinke and Rounds based on allegations concerning a verbal and physical assault, placement in a cell lacking basic necessities, and failure to provide medical care for significant resultant injuries to his left hip, spine and right knee. ECF No. 1 at pp. 1-2. Defendants, through counsel, filed a motion to dismiss or, in the alternative motion for summary judgment (ECF No. 15) which was construed as a motion for summary judgment. The motion was granted with regard to the claim of denial of medical treatment[2] and verbal assault, but otherwise denied without prejudice pending supplementation. (Mem. and Order, ECF Nos. 20 and 21). Following

[1] Several allegations raised in the complaint were dismissed without prejudice under 28 U.S.C. § 1915(g). *See* ECF No. 2, pp. 1-2, Order of October 14, 2014.

[2] In dismissing this claim, the court found that at the time of physical examination by NBCI Physician Assistant Janette Clark, no evidence supported Chase's claim that serious injury had occurred. ECF No. 15-2, pp. 12-13, 15 and 50. Indeed, Chase could not "define a specific back injury." *Id.*, p. 52. Chase provided no indication that he actually sought medical treatment for injury after the alleged assault; because he failed to establish a denial of medical care following the September 8, 2014 incident, his claim of denial of medical injury was dismissed. Mem., ECF No. 20 at 3-4.

supplementation of the dispositive pleading (ECF No. 22), Chase's claim concerning the conditions of his new cell were dismissed and defendants Warren Mallow, Timothy Marchinke and Dean Rounds, Jr. were granted a final opportunity to submit video evidence referenced in the Internal Investigation Unit report they rely upon in support of their defense. (Mem. And Order, ECF Nos. 2 and 27). Defendants have submitted the video.[3] (ECF No. 30). For reasons set forth herein, summary judgment will be GRANTED in their favor.

**Background**

The parties do not dispute that on September 8, 2014, Chase was escorted from one cell to another by Officer Marchinke and Officer Mallow, with Officer Rounds following while pushing a cart with Chase's property. ECF No. 15-2, Department of Public Safety and Correctional Services ("DPSCS") Internal Investigative Unit Report – 12-35-00871 I/C, p. 12. While Chase believes the move was punishment (ECF No. 1, p. 2), defendants assert that the move was made to accommodate a new prisoner transferred to NBCI. ECF No. 15-2, p. 12.[4]

Defendants state that during the transfer, Chase stopped walking and refused to continue on by dragging his feet. ECF No. 15-2, p. 12. In response, Marchinke and Mallow picked him up by his arms and carried him the rest of the way. *Id.* No Use of Force Report or Serious Incident Report was prepared following this encounter. *Id.*, p. 15. Chase, however, claimed that he was verbally[5] and physically assaulted by defendants during the cell transfer, resulting in significant injury. ECF No. 1, pp. 1-2. As a result of this claim, the Department of Public Safety

---

[3] Case Manager Randy Durst has submitted a Declaration stating that Chase twice viewed the video in his presence and in its entirety on December 29, 2015. (ECF No. 30-1). Chase has filed no opposition to this court's consideration of the video evidence.

[4] The pagination cited herein reflects the pagination assigned by the court's electronic docketing system.

[5] Verbal abuse, without more, does not state a cognizable constitutional claim. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); see also *Pink v. Lester*, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional."). This claim was dismissed in the December 10, 2015 memorandum. (ECF No. 26).

& Correctional Services Internal Investigation Unit ("IIU") initiated an investigation, and obtained video of the event. ECF No. 15-2, p. 8.

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 38.

NBCI Physician Assistant Janette Clark evaluated Chase two months after the alleged incident and found no evidence that injury had occurred. ECF No. 15-2 at pp. 12-13, 15 and 50. At the time of the physical examination, Chase could not "define a specific back injury." *Id.*, p. 52. Further, Chase provides no indication that he actually sought medical treatment for injury following the September 8, 2014 incident.

Defendants' statements during the IIU investigation are verified, and defendants have provided affidavits or declarations specific to this litigation. ECF Nos. 22-1, 22-2, 22-3. In

response, Chase has submitted an affidavit countering defendants' version of events.[6] ECF No. 24, pp 1-2.

Although grainy, the video evidence supports the IIU determination that defendants' actions were justified. Chase emerged from his cell with hands cuffed behind his back, and immediately began to sink to the ground. Two officers grabbed him below the shoulders and half-carried, half-dragged him down the corridor. During this event, Chase's arms were behind his back, held rather high in the air, and his head was at or below his waist. The pace was not hurried. The officers do not appear hostile or concerned about the procedure. A third officer can be seen walking behind at a similar pace. While such a "carry" may have been unpleasant, the video taken of the event does not suggest in any way that the officers acted with malice or sadistically tried to cause injury. The amount of "force" used to transport Chase was minimal and was tempered.

Chase has not established a violation of the Eighth Amendment and defendants are therefore entitled to summary judgment. A separate order follows.

February 25, 2016
Date

/S/
Catherine C. Blake
United States District Judge

[6] Chase's discussion of other incidents unrelated to the September 8, 2014 incident, contained in ECF No. 25, will not be addressed in the context of this lawsuit.